# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                        No. 01-CV-00552-JCH-SCY
                                                          No. 98-CR-00546-JCH

STANLEY SECATERO,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Defendant Stanley Secatero's motion for Relation Back Amendment Fed. R. C.V.P. 15(C)(1)(B), filed on April 17, 2017. [CV Doc. 27] Defendant seeks to amend his § 2255 motion [CR Doc. 64; CV Doc. 1] pursuant to Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure to include a claim "that the probation office and The District Court miscalculated his Guide Line Range, which should have been 292 months to 365 months." [CV Doc. 27 at 2] For the following reasons, the Court concludes that Defendant's motion is a second or successive § 2255 motion filed without the requisite authorization of the United States Court of Appeals for the Tenth Circuit. Because Defendant's motion lacks merit, it will be dismissed for lack of jurisdiction and a certificate of appealability will be denied.

**I.     BACKGROUND**

On October 6, 1998, Defendant was charged by Superseding Indictment with four counts of murder in the first degree in violation of 18 U.S.C. §§ 1111(a) and 1153, ten counts of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), two counts

of assault in violation of 18 U.S.C. §§ 113(a)(1) and 1153, two counts of retaliation against a witness, victim, or informant in violation of 18 U.S.C. § 1513(a)(1)(B), and two counts of tampering with a witness or informant in violation of 18 U.S.C. § 1512(a)(1)(C). [CR Doc. 19] Defendant pleaded guilty to four counts of murder in the first degree, two counts of assault, two counts of retaliation against a witness, victim, or informant, and two counts of tampering with a witness or informant. [CR Doc. 44] The Court accepted Defendant's guilty plea and sentenced him to life imprisonment. [CR Docs. 48, 63] Defendant did not file a notice of appeal.

On May 14, 2001, Defendant filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. [CR Doc. 64; CV Doc. 1] The Court dismissed Defendant's § 2255 motion with prejudice on the merits. [CR Docs. 70, 71, 72; CV Docs. 7, 8, 9]

Approximately thirteen years later, on July 28, 2014, Defendant filed a second § 2255 motion, which the Court transferred to the United States Court of Appeals for the Tenth Circuit. [CR Docs 79, 80; CV Docs. 10, 13] Defendant sought to remand his § 2255 motion, but the Court of Appeals denied Defendant's request and terminated the matter. [CR Doc. 85; CV Doc. 20] Defendant filed a petition for writ of certiorari in the United States Supreme Court, which was denied. [CV Docs. 21, 22]

On June 21, 2016, Defendant filed a motion for permission to file a second or successive § 2255 motion in the United States Court of Appeals for the Tenth Circuit, seeking sentencing relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). [CR Doc. 95; CV Doc. 23] The Court of Appeals denied Defendant's motion because Defendant's sentence was not affected by the holding in *Johnson*. [CR Doc. 96; CV Doc.24]

On March 22, 2017, Defendant filed another motion for permission to file a second or successive § 2255 motion in the United States Court of Appeals for the Tenth Circuit. [CR Doc. 97; CV Doc. 25] In his motion, Defendant sought to raise a claim that the "Probation Office and The District Court miscalculated his guide-line-range, which should have been 292 months to 365 months." [CR Doc. 97-1 at 2; CV Doc. 25-1 at 2] The Court of Appeals denied Defendant's motion because Defendant "failed to identify any newly discovered evidence or new rule of constitutional law that would support authorization for his proposed claim." [CR Doc. 98; CV Doc. 26]

On July 28, 2017, Defendant filed yet another motion for permission to file a second or successive § 2255 motion in the United States Court of Appeals for the Tenth Circuit—this time seeking to raise a claim based on *Lee v. United States*, 137 S. Ct. 1958 (2017). [CR Doc. 99] The Court of Appeals denied Defendant's motion because "*Lee* does not establish a new rule of constitutional law" that "would support authorization for his proposed claim." [CR Doc. 100] The Court of Appeals noted that this was Defendant's "fifth unsuccessful motion for authorization" and warned Defendant that if he filed "a future motion for authorization concerning the same underlying conviction or sentence in which he presents arguments in favor of authorization substantially similar to those presented here, the Clerk shall dismiss the motion for authorization without further notice." [CR Doc. 100]

## II. DISCUSSION

In the present motion, Defendant seeks to amend his first § 2255 motion pursuant to Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure. [CV Doc. 27] The United States Court of Appeals for the Tenth Circuit has held that "once judgment is entered, the filing of an amended

complaint is not permissible until the judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *United States v. Nelson*, 465 F.3d 1145, 1148 (2006). A post-judgment motion to amend under Fed. R. Civ. P. 15 filed by a pro se litigant should be construed liberally as "a combination of a motion to set aside judgment under Rule 60(b) . . . and a motion to then amend under Rule 15." *Id.* A motion to set aside judgment under Rule 60(b) of the Federal Rules of Civil Procedure "is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). "Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application . . . or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of the prior habeas petition," *id.* at 1215-16.

In his motion, Defendant seeks to raise a claim "that the probation office and The District Court miscalculated his Guide Line Range, which should have been 292 months to 365 months." [CV Doc. 27 at 2] Defendant's proposed claim asserts a federal basis for relief from his underlying conviction and, therefore, it is a successive § 2255 motion.

"A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the United States Court of Appeals for the Tenth Circuit] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam); *see* § 2255(h) (requiring a second or successive motion to "be certified as provided in section 2244 by a panel of the appropriate court of appeals"). A district court may, however, "transfer the matter to [the United States Court of Appeals for the Tenth Circuit] if it determines it

4

is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d at 1252.

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter . . . for authorization." *Id.* at 1252. To be meritorious, a second or successive § 2255 motion must be based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h)(1)-(2).

The Court concludes that Defendant's motion lacks merit because it is not based on newly discovered evidence or a new rule of constitutional law. Indeed, Defendant already has requested permission from the United States Court of Appeals for the Tenth Circuit to raise his proposed claim and the Court of Appeals denied his request because it failed to meet "the requirements for authorization in 28 U.S.C. § 2255(h)." [CR Doc. 98 at 2] Therefore, Defendant's motion will be dismissed without prejudice for lack of jurisdiction.

Rule 11 of the Rules Governing Section 2255 Proceedings For the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it

5

enters a final order adverse to the applicant." To be entitled to a certificate of appealability, an applicant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Reasonable jurists could not debate this Court's conclusion that Defendant's motion is a successive § 2255 motion filed without the requisite authorization of the Court of Appeals and, therefore, a certificate of appealability will be denied.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's motion for Relation Back Amendment Fed. R. C.V.P. 15(C)(1)(B) [CV Doc. 27] is DISMISSED without prejudice for lack of jurisdiction; and a certificate of appealability is DENIED.

_____
UNITED STATES DISTRICT COURT JUDGE